```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CATHIE M. SPOLARIC,            )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:06 cv 74
                               )
MICHAEL J. ASTRUE,¹             )
Commissioner of Social Security )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Attorney Fees Under the Equal Access to Justice Act filed by the plaintiff, Cathie M. Spolaric, on November 27, 2006. For the reasons set forth below, this motion is **GRANTED**.

Background

On September 25, 2005, a Social Security Administration Administrative Law Judge denied Cathie Spolaric's application for disability insurance benefits and supplemental security income. Spolaric sought judicial review of the ALJ's decision, and this court reversed and remanded the decision on November 20, 2006. Spolaric now seeks attorney fees under the Equal Access to Justice Act.

Spolaric's claim was based on conditions that included, among others, chronic fatigue, pain in her arms, legs, neck and shoulders, fibromyalgia, and depression. The ALJ rejected her

---

¹In accordance with Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue, who became Commissioner of Social Security on February 12, 2007, is automatically substituted as the defendant in this action.

application for reasons that included discounting Spolaric's credibility and rejecting two fibromyalgia RFCs.

In the order reversing the ALJ's decision, the court noted that the ALJ's credibility determination was made with "very little explanation or reference to the record." (Opinion and Order, Nov. 11, 2006, p. 19)  The court also found that the ALJ's complete rejection of the fibromyalgia RFCs was done with almost no support in the record and in contravention of clear standards in Seventh Circuit law. (Opinion and Order, pp. 21-22) The court further noted that the Commissioner's later attempt to provide a rationale for the ALJ's rejection of these RFCs also was contrary to the standards of administrative litigation. (Opinion and Order, p. 21) The decision was remanded with instructions to consider the RFC's as well as Spolaric's testimony regarding the current limits to her daily activities.

## Discussion

The EAJA provides that a prevailing plaintiff in a civil action against the United States is entitled to recoup reasonable attorney fees and other expenses, "unless the court finds that the position of the United States was substantially justified, or that special circumstances make the award unjust."  28 U.S.C. §2412(d)(1)(A); **Conrad v. Barnhart**, 434 F.3d 987, 989 (7th Cir. 2006). The plaintiff must submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076, 1078-79 (7th Cir. 2000). *See also* 28 U.S.C. §2412(d)(1)(B). The trial

2

court's award of attorney's fees under the EAJA is reviewed for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004).

The Commissioner's position is substantially justified if it has a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550. The United States bears the burden of showing that "its position was grounded in (1) a reasonable basis in truth for the theory propounded; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark Construction Company*, 200 F.3d at 1080.  In determining whether fees should be awarded under the EAJA, the trial court does not reevaluate the merits of the underlying case, but instead must "analyze the actual merits of the government's litigating position". *Golembiewski*, 382 F.3d at 724. *See also Hallmark*, 200 F.3d at 1080-81; *Young v. Barnhart*, 134 Fed.Appx. 81, 84 (7th Cir. 2005)(noting that the EAJA inquiry focuses on the issues which lead to the remand.).  The assessment of the government's position encompasses the pre-litigation and litigation conduct of the government and "makes only one determination for the entire civil action." *Conrad*, 434 F.3d at 990. Finally, the ultimate outcome of the litigation does not conclusively determine whether the government's position was substantially justified. *See Hallmark Construction Company*, 200 F.3d at 1079-80 ("Conceivably, the Government could take a position that is not

3

substantially justified, yet win, even more likely it could take a position that is substantially justified, yet lose.").

Regarding the ALJ's credibility determination, the Commissioner argues that the ALJ cited to sufficient evidence to allow a reviewing court to follow his reasoning. This observation, however, does not address the court's reason for remanding on this issue. The ALJ's mistake was not the evidence that he chose to rely on, but the fact that he offered no explanation for rejecting the evidence that contradicted his conclusion. (See Opinion and Order, pp. 19-21) The court noted that the ALJ's conclusions regarding Spolaric's daily activities appeared to rely on only a 2003 daily activities report, ignoring evidence, including Spolaric's testimony, regarding the intervening years. The ALJ did not address Spolaric's numerous subsequent statements regarding limitations to her ability to lift, drive, and clean her house only if she had a good day. (Opinion and Order, p. 20; Tr. 368-387) The ALJ further did not address this testimony in light of two fibromyalgia RFCs that were completed in August 2005, indicating, among other conclusions, that Spolaric occasionally could carry less than 10 pounds and would be absent from work more than four times per month. (Tr. 270-274, 275-279)

The Commissioner states that the ALJ had a reasonable legal and factual basis for rejecting the fibromyalgia RFCs. The Commissioner reiterates the ALJ's initial flaw, that these RFCs "seemed to be based on the claimant's own complaints." The Commissioner also argues now that because the doctors who com-

4

pleted these RFCs did not find Spolaric "so debilitated by her pain" that she was unable to "sit continuously for more than ten minutes," the ALJ's rejection of these RFCs was supportable.

In large part, the Commissioner continues to support the ALJ's decision with a rationale that the ALJ did not rely on. This weighs against finding the Commissioner substantially justified. *See e.g.* **Golembiewski**, 382 F.3d at 725. Further, as the court noted, the ALJ's reason for rejecting these RFCs was contrary to Seventh Circuit standards regarding the rejection of fibromyalgia evidence solely on the basis that the evidence is subjective. (Opinion and Order, p. 22)(*citing* **Sarchet v. Chater**, 78 F.3d 305, 306 (7th Cir. 1996)) Accordingly, the court concludes that the Commissioner has not met his burden of showing that the ALJ was substantially justified.

The plaintiff seeks attorney fees for 24.5 hours of work at the rate of $162.89 per hour and fees for 1.4 hours of legal assistant time at a rate of $65.00 per hour. The Commissioner offered no objection to the rate or hours sought by Spolaric. Accordingly, the court will award EAJA fees in the amount of $4,081.81. *See* **Golembiewski**, 382 F.3d at 722.

_____

For the foregoing reasons, the Motion for Attorney Fees Under the Equal Access to Justice Act filed by the plaintiff, Cathie M. Spolaric, on November 27, 2006, is **GRANTED**.  Attorney fees are awarded in the amount of $4,081.81.

ENTERED this 14th day of March, 2007

                                                s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge